SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
Sumithra R. Roberts (SBN 256078)
sroberts@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
SPHERION STAFFING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY NUTE, individually, | Case No. 2:21-cv-7844 |
| Plaintiff, | (Los Angeles Superior Court Case No. 21STCV17360) |
| v. | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP, FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION [28 U.S.C. SECTIONS 1331, 1332, 1367 AND 1441]** |
| PERKINELMER, INC., a MASSACHUSETTS corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | Complaint Filed:   May 7, 2021<br>Trial Date:         None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant SPHERION STAFFING, LLC ("Spherion") hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1331, 1332, 1367 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State

of California, County of Los Angeles, to the United States District Court for the Central District of California, and state that removal is proper for the following reasons:

## I.    BACKGROUND

1.    On May 7, 2021, Plaintiff Cody Nute ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled, *Cody Nute, individually v. PerkinElmer, Inc., a Massachusetts corporation; and DOES 1 through 50, inclusive*, designated as Case No. 21STCV17360. In the Complaint, Plaintiff alleged four causes of action against PerkinElmer: (1) Wrongful Termination; (2) Violation of Fair Labor Standards Act/Families First Coronavirus Relief act; (3) Failure to Timely Provide Employment Records; and (4) Failure to Timely Provide Pay Records.

2.    On June 11, 2021, a dismissal of the Complaint was entered as to PerkinElmer, without prejudice.

3.    On June 22, 2021, Plaintiff filed an Amendment to Complaint (Fictitious/Incorrect Name) substituting Defendant Spherion Staffing, LLC ("Defendant" or "Spherion"), in for a Doe defendant.

4.    On September 3, 2021, Plaintiff personally served Spherion with the Summons and Complaint. True and correct copies of the Summons, Complaint, Civil Cover Sheet, Request for Dismissal of Complaint, and Amendment to Complaint served on Spherion are attached as **Exhibit 1 (hereinafter "Complaint").**

5.    On September 29, 2021, Spherion filed an Answer to the Complaint in Los Angeles County Superior Court. A true and correct copy of Spherion's Answer filed in Los Angeles County Superior Court is attached as **Exhibit 2**.

6.    **Exhibits 1 and 2** constitute all of the pleadings served on Spherion and/or filed by Spherion in the state court action prior to filing this Notice of Removal. (Declaration of Sumithra R. Roberts ["Roberts Dec."] ¶ 3.) As of the time of this Removal, there are no pending hearings currently scheduled in the Los Angeles County Superior Court in the state court action. (Roberts Dec. ¶ 3.)

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1331, 1332, 1367 AND 1441]
75585800v.3

1

## II.  TIMELINESS OF REMOVAL

2       7.      This notice of removal is timely as it is filed less than one year from the date

3  this action was commenced and within thirty days of the service of the Summons and

4  Complaint upon the moving defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v.*

5  *Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove

6  commences upon service of the summons and complaint); *see also* 28 U.S.C. §

7  1446(b)(2) (later-served defendant has a right of removal separate from that of an earlier-

8  served defendant). (Roberts Dec. ¶ 3, Ex. 1.)

9  ## III.  JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

10      8.      The Court has original jurisdiction of this action under 28 U.S.C. section

11 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. section

12 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and

13 costs, and is between citizens of different states.

14      9.      **Plaintiff's Citizenship.** "An individual is a citizen of the state in which he is

15 domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002)

16 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes

17 of diversity jurisdiction, citizenship is determined by the individual's domicile at the time

18 that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th

19 Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).  A person's domicile

20 is the place he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-*

21 *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is prima facie evidence of

22 domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)

23 (holding that "the place of residence is prima facie [evidence of] domicile"). Further,

24 evidence of continuing residence creates a presumption of domicile. *Washington v.*

25 *Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

26      10.     At the time Plaintiff filed this civil action, Plaintiff alleged that he was at all

27 times relevant to the Complaint a resident of the County of Los Angeles in the State of

28

<div align="center">3</div>

California. (Roberts Dec. ¶ 3, Ex. 1, Compl. ¶ 2.) Plaintiff was employed by Spherion within the State of California from approximately November 2020 until January 2021, as a temporary worker, and was assigned to work at PerkinElmer within the State of California from November 2020 until December 2020. (Roberts Dec. ¶ 3, Ex. 1, Compl. ¶ 7, Declaration of Karen Lubrano ["Lubrano Dec."], ¶ 4.) Plaintiff's home address during the period when he worked for Spherion was always within the State of California. (Lubrano Dec. ¶ 5.) There are no documents in Plaintiff's personnel file to suggest in any way that he is currently, or during the periods of his employment was, a resident or citizen of any state other than California. (*Id.*) Additionally, a background check conducted on September 30, 2021, indicates no residence addresses attributed to Plaintiff that are outside the State of California. (Roberts Dec., ¶ 4, Ex. 3, Lexis Nexis Public Records search, redacted)

11.  **Spherion's Citizenship.** In a removal, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006).

12.  A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities …. [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

13.  Spherion's sole member is SFN Group, LLC. SFN Group, LLC's sole member is Randstad North America, Inc. ("Randstad"). (Lubrano Dec. ¶ 6.)

4

14.     Randstad is and was at the time the civil action was instituted a corporation organized under the laws of Delaware. (Lubrano Dec. ¶ 7.)

15.     Further, Randstad's headquarters—where its high-level officers direct, control, and coordinate the corporation's activities— is located in Atlanta, Georgia. (Lubrano Dec. ¶ 8.) The majority of Randstad's executive and administrative functions take place at its headquarters in Atlanta, Georgia. (*Id*.) All of Randstad's executives have offices in, and regularly work from, these headquarters. (*Id*.) The functions performed at Randstad's Atlanta, Georgia, headquarters include the activities of all of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id*.) Randstad's company-wide policies and procedures are formulated at the Atlanta, Georgia headquarters. (*Id*.) Randstad's activities and operations are directed and ultimately controlled from the Atlanta, Georgia headquarters, such that its principal place of business is Georgia. (*Id.)* Thus, Randstad is a citizen of Georgia and Delaware, not California.

16.     Accordingly, because Randstad is a citizen of Georgia and Delaware, Defendant Spherion Staffing, LLC, is a citizen of Georgia and Delaware, not California. Thus, the requisite diversity of citizenship exists as to Spherion. *See* 28 U.S.C. § 1332(c)(1).

17.     Further, in compliance with 28 U.S.C. section 1441(b), "none of the parties in interest properly joined and served as defendant is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be

disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id*.

18.     **Amount in Controversy.** While Spherion denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

19.     Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

20.     As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties

need not predict the trier of fact's eventual award with one hundred percent accuracy"). Spherion is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

21.     In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate general damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

22.     The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

23.     **Economic Damages.** In his Complaint, Plaintiff seeks to recover special damages and compensatory damages including "lost wages and other special, general and compensatory damages in an amount according to proof." (Roberts Dec. ¶ 3, Ex. 1, Compl., Prayer for Relief, No. 3.) Plaintiff's Complaint alleges claims for wrongful termination and related claims.

24.    Plaintiff alleges he was employed by Defendant until December 29, 2020. (Roberts Dec. ¶ 3, Ex. 1, Compl. ¶ 3.) At that time, Plaintiff was employed by Spherion and assigned to PerkinElmer, and working an average of 37 hours per week, earning $29.90 per hour. (Lubrano Dec. ¶ 9.) Conservatively estimating a June 2022 trial date (twelve months after the Complaint was amended to name Spherion), Plaintiff's past lost wages alone would amount to approximately **$86,291**, *i.e.*, eighteen months between his alleged termination and trial.[1]

25.    In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or retaliatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

26.    An award of three years' front pay would entitle Plaintiff to more than **$172,583** in additional recovery. *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856

---

[1] Approximately $57,528 per year, $29.90 per hour x 37 hours per week x 52 weeks per year x 1.5 years.

(N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of total lost wages alone exceed **$258,874**.

27.     **Emotional Distress Damages.**  In addition to special/economic damages, Plaintiff also seeks general (*i.e.*, emotional distress damages).  (Roberts Dec. ¶ 3, Ex. 1, Compl., Prayer for Relief, No. 1.)  While Plaintiff does not plead the specific details of his alleged emotional distress damages, in cases alleging discrimination and/or retaliation, the emotional distress damages award, alone, often exceeds the $75,000 amount in controversy requirement.  In *Thompson v. Big Lots Stores, Inc.*, 2017 U.S. Dist. LEXIS 20094, *12-13 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, the court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases."  Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination.  *See id.* at *12-13.  In fact, such damages may far exceed $122,000.  For example, in *Elliott v. City of Gardena*, 2001 WL 1255712 (Los Angeles County Sup. Ct., July 23, 2001), the jury awarded the plaintiff in a discrimination case $1,650,000 where the plaintiff's only claimed injury was emotional distress damages.  In *Comey v. County of Los Angeles*, 2007 WL 3022474 (Los Angeles County Sup. Ct., Aug. 15, 2007), the jury awarded a plaintiff in a discrimination case $768,286, of which $100,000 was for non-economic damages.  *See also Conney v. University of California Regents*, 2004 WL 1969934 (Los Angeles County Sup. Ct., July 27, 2004) ($300,000 in past non-economic damages and $600,000 in future non-economic damages awarded to plaintiff claiming discrimination and retaliation); *Kell v. AutoZone Inc.*, No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21, 2010) (jury awarded $1,368,675 in damages for wrongful termination and retaliation claims); *Aboulafia v. GACN Inc.*, No. BC469940,

2013 WL 8115991 (Los Angeles Sup. Ct., Sept. 23, 2011) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action). These awards demonstrate that, for diversity purposes, the value of Plaintiff's emotional distress damages exceeds the $75,000 amount in controversy requirement.

28.    **Attorney's Fees.** Plaintiff claims statutory entitlement to attorney's fees. (Roberts Dec. ¶ 3, Ex. 1, Compl., Prayer for Relief, No. 5.) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorney's fees for purposes of amount in controversy calculations is the expected reasonable attorney's fees ***through trial***. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").  Under Section 5104 of the Families First Coronavirus Response Act ("FFCRA"), an employer who terminates an employee for taking sick leave pursuant to the FFCRA is liable for a violation of 29 U.S.C. § 215(a)(3) and is liable for the penalties provided in 29 U.S.C. §§ 216 and 217, which includes attorney's fees. Plaintiff asserts a cause of action for Violation of the FFCRA, here. (Roberts Dec. ¶ 3, Ex. 1, Compl., Second Cause of Action.)

29.    Spherion anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that Spherion will file a Motion for Summary Judgment. (Roberts Dec. ¶ 5.) Here, if Plaintiff prevails, he could be entitled to an award of attorney's fees that alone are "more likely than not" to exceed $75,000, as is typical in employment cases. The reasonable amount of attorney's fees for amount in controversy purposes may be based upon fee awards in similar cases. *Lyon v. W.W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely

than not correct."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (2002) (relying on evidence of fee awards in similar cases to determine a reasonable estimate of attorney's fees). Verdicts show that attorney's fees in employment discrimination and/or retaliation cases typically exceed $75,000. *See Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Sup. Ct., Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct., Mar. 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct., Oct. 16, 2003) (attorney's fees award of $159,277 for claims of discrimination and retaliation). Finally, it is extremely unlikely that Plaintiff's counsel would seek less than $75,000 in attorney's fees for a jury trial of the wrongful termination and FFCRA claims alleged in the Complaint. If Plaintiff's counsel is seeking less than $75,000 in fees, Spherion invites them to stipulate to this fact for purposes of this case.

30. **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Roberts Dec. ¶ 3, Ex. 1, Compl., Prayer for Relief, No. 4.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged wrongful termination in violation of public policy cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009).

31. In sum, Plaintiff's aggregated recovery on his claims, including compensatory damages such as lost wages and emotional distress damages, attorney's fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Spherion denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in

controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

32.     Because diversity of citizenship exists between Plaintiff and Spherion, and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

## JURISDICTION BASED ON EXISTENCE OF FEDERAL QUESTION

33.     The Court also has original jurisdiction of this action under 28 U.S.C. section 1331. Any civil action commenced in state court is removable if it might have been originally brought in federal court.  *See* 28 U.S.C. § 1441; *Exxon Mobil Corp. v. Allapattach Servs.*, Inc., 545 U.S. 546, 563-64 (2005) ("district court has original jurisdiction of a civil action for purposes of section 1441(a) as long as it has original jurisdiction over a subset of claims constituting the action").  This Court has original jurisdiction of this action under 28 U.S.C. section 1331, and Defendant may remove the lawsuit pursuant to the provisions of 28 U.S.C.section 1441, since Plaintiff's claims arise under the Families First Coronoavirus Response Act, 29 C.F.R. section 826 ("FFCRA").

34.     Specifically, as a basis for his claims, Plaintiff alleges that he took a leave of absence after his son was ill from potential complications from COVID-19 and then Plaintiff was ordered to self-quarantine as a result. (Roberts Dec. ¶ 3, Ex. 1, Compl. ¶ 7). Plaintiff's First and Second Cause of Action specifically allege that his termination was due to his exercise of his rights under the FFCRA and seek relief pursuant to 29 C.F.R. section 826. (Roberts Dec. ¶ 3, Ex. 1, Compl. ¶¶ 11-29.).

35.     Consequently, this action is removable based on federal question jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009) (a suit arises under federal law when "the plaintiff's statement of his own cause of action shows that it is based upon [federal law]"); *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint.")

36.     Furthermore, the Court may exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. section 1367, because they "'are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *NetApp, Inc. v. Nimble Storage, Inc*., 41 F. Supp. 3d 816, 823 (N.D. Cal. 2014)(quoting 28 U.S.C. 1367(a).  Moreover, the Court should not decline supplemental jurisdiction over the Complaint's state law claims as the Third and Fourth causes of action for failure to provide employment records do not "'substantially [predominate] over the claim or claims over which the district court has original jurisdiction.'" *Id*. (citing 28 U.S.C. 1367(c)(2)); *Albingia Versicherungs A.G. v. Schenker Int'l Inc*., 344 F.3d 931, 937-38 (9th Cir. 2003). In exercising its discretion to retain or decline supplemental jurisdiction, the Court "should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc). Accordingly, given the ancillary nature of the state law claims and the fact that the issues that predominate in the Complaint are based on federal statutes (FLSA and FFCRA), the Court should exercise supplemental jurisdiction over the California Labor Code and public policy claims.

## IV.   VENUE

37.     Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Los Angeles. In addition, the action arose in the County of Los Angeles. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.   NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

38.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

39.     This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

40.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits 1 and 2**.  (Roberts Dec. ¶ 3.)

## VI.   PRAYER FOR REMOVAL

Wherefore, Defendant Spherion Staffing, LLC, prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED:  September 30, 2021                    Respectfully submitted,

SEYFARTH SHAW LLP


By:_____
        Jamie C. Pollaci
        Sumithra R. Roberts
        Attorneys for Defendant
        SPHERION STAFFING, LLC

# EXHIBIT 1



**null / ALL**
**Transmittal Number: 23732971**
**Date Processed: 09/07/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Karen Lubrano<br>Randstad US - Spherion Corporation<br>2050 Spectrum Blvd<br>Fort Lauderdale, FL 33309-3008 |
| **Electronic copy provided to:** | Rob Calabro<br>Jenna Debs |

| | |
|---|---|
| **Entity:** | Spherion Staffing LLC<br>Entity ID Number  3086784 |
| **Entity Served:** | Spherion Staffing, LLC |
| **Title of Action:** | Cody Nute vs. Perkinelmer, Inc |
| **Matter Name/ID:** | Cody Nute vs. Perkinelmer, Inc (11541760) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 21STCV17360 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 09/03/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Douglas H. Hoang<br>800-590-7674 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2021 03:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV17360

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PERKINELMER, INC., a MASSACHUSETTS corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CODY NUTE, individually,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES<br>111 N. Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>21STCV17360 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Douglas H. Hoang, Esq., K2 Employment Law, LLP 11751 Zelzah Avenue Granada Hills, CA 91344; (800) 590-7674

| DATE: *(Fecha)* 05/07/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* R. Clifton | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served



1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of: *(specify):*
3. ☒ on behalf of: *(specify):* SPHERION STAFFING, LLC a Delaware Limited Liability Company, Sued Here in as Doe 1

    under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
             ☒ other *(specify):* Corporation Code 17061 Limited Liability Company

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | Clear this form

Case 2:21-cv-07844 Document 1 Filed 10/01/21 Page 18 of 51 Page ID #:18
Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2021 03:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV17360
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michelle Williams Court

1 | **Douglas H. Hoang, Esq. (SBN 193412)**
dhoang@k2employmentlaw.com
2 | **Matthew T. Kramer, Esq. (SBN 255465)**
mkramer@k2employmentlaw.com
3 | **John Li-Chien, Esq. (SBN 191266)**
jlin@k2employmentlaw.com
4 | K2 Employment Law, LLP
11751 Zelzah Avenue
5 | Granada Hills, California 91344
Tel. No.: (800) 590-7674
6

7 | Attorneys for Plaintiff CODY NUTE

8 | <center>SUPERIOR COURT OF THE STATE OF CALIFORNIA</center>

9 | <center>FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE</center>

10

| | |
|---|---|
| CODY NUTE, individually, | Case No.: 21STCV17360 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | (1) **WRONGFUL TERMINATION;** |
| PERKINELMER, INC., a MASSACHUSETTS corporation; and DOES 1 through 50, inclusive, | (2) **VIOLATION OF FAIR LABOR STANDARDS ACT/FAMILIES FIRST CORONA VIRUS RELIEF ACT;** |
| Defendants. | (3) **FAILURE TO TIMELY PROVIDE EMPLOYMENT RECORDS (CAL. LABOR CODE § 1198.5); and** |
| | (4) **FAILURE TO TIMELY PROVIDE PAY RECORDS (CAL. LABOR CODE § 226)** |
| | **[DEMAND FOR JURY TRIAL]** |

20 |      Plaintiff , CODY NUTE, individually alleges:

21 | <center>**JURISDICTION AND VENUE**</center>

22 |     1.     Plaintiff CODY NUTE (hereinafter referred to as "Plaintiff"), an individual,

23 | alleges knowledge as to his own, and information and belief as to all other matters, as follows:

24 |     2.     Plaintiff was, at all times mentioned herein, a resident of the County of Los

25 | Angeles in the State of California.

26 |     3.     Defendant PERKINELMER, INC. (hereinafter referred to as "Defendant" or

27 | "PERKINELMER"), is and was at all material times mentioned herein, a business and employer

28 | doing business in Los Angeles County and elsewhere in the State of California.

4.      Plaintiff is ignorant of the true names of Defendants DOES 1 through 50, inclusive, and has therefore sued them by the above names which are fictitious. Plaintiff will amend this complaint by inserting true names in lieu of the fictitious names when the true names are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated in this Complaint as DOE is responsible and liable to Plaintiff in some manner for the events, happenings, and contentions referred to in this complaint.   All references in this complaint to "Defendants" shall be deemed to include PERKINELMER and all DOE Defendants collectively.

5.      Plaintiff is informed and believes and thereon alleges that each Defendant, including DOES, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative of each other Defendants, including DOES, and all of the things alleged to have been done by the Defendants, and each of them, were done in the course and scope of the agency, employment, service, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent limited liability company, partners, members, associates, or representatives.

6.      The unlawful practices and tortious conduct complained of herein occurred in the County of Los Angeles, State of California.

7.      Plaintiff worked for PERKINELMER until or about December 29, 2020 when Plaintiff was wrongfully terminated due to COVID-19 related care and leave.   On or about December 10, 2020, Plaintiff's son was ill with potential complications from COVID-19. Plaintiff then tested negative but was ordered by health care practitioners to self-isolate and stay at home.   Despite Plaintiff's attempts to return to work, he was wrongfully terminated by PERKINELMER for his COVID-19 related leave.

8.      As a direct and proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered special damages including but not limited to loss of wages, including front and back pay, and benefits, including consequential damages in an amount to be proven at time of trial, in excess of the minimum jurisdictional requirements of this Court.

9.      As a further direct and proximate result of Defendants' actions against Plaintiff,

1   as alleged above, Plaintiff has suffered and continues to suffer general damages including but

2   not limited to significant and enduring emotional distress including humiliation, mental anguish

3   and physical distress, injury to mind and body, in a sum to be proven at time of trial, in excess

4   of the minimum jurisdictional requirements of this Court.

5       10.    In doing the acts set forth above, Defendants acted as herein alleged with a

6   conscious disregard of Plaintiff rights as an employee. Defendants, by and through their

7   managing agents, acted deliberately to punish Plaintiff for reporting him disability and

8   requesting accommodation. For all of these reasons, the Plaintiff is entitled to an award of

9   punitive damages.

10   <div align="center">**FIRST CAUSE OF ACTION**</div>

11   <div align="center">**WRONGFUL TERMINATION**</div>

12   <div align="center">**(Against All Defendants)**</div>

13       11.    Plaintiff realleges and incorporates by reference each and every allegation

14   contained in each and every aforementioned paragraph as though fully set forth herein.

15       12.    The Families First Coronavirus Response Act ("FFCRA") signed into law the

16   Emergency Paid Sick Leave Act, 29 U.S.C. § 2601 et seq. on March 18, 2020, effective April 1,

17   2020. The FFCRA was in full force and effect at all times relevant herein.

18       13.    Section 5102 of the FFCRA requires employers to provide to each employee paid

19   sick time to the extent that the employee is unable to work due to a need for leave because of any

20   of the following: (1) the employee is subject to a federal, State, or local quarantine or isolation

21   order related to COVID-19; (2) the employee has been advised by a health care provider to self-

22   quarantine due to concerns related to COVID-19; (3) the employee is experiencing symptoms of

23   COVID-19 and seeking a medical diagnosis; (4) the employee is caring for an individual who is

24   subject to an order as described in (1) or has been advised as described in (2), above; (5) the

25   employee is caring for a son or daughter if the school or place of care has been closed due to

26   COVID-19 precautions; or (6) the employee is experiencing any other substantially similar

27   condition specified by the Secretary of Health and Human Services in consultation with the

28   Secretary of the Treasury and the Secretary of Labor.

14.     Section 5104 of the FFCRA makes it unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who takes leave in accordance with the FFCRA.

15.     At all times alleged herein, Plaintiff was employed by PERKINELMER and DOES 1 through 50.

16.     After finding his son ill with potential COVID-19 related symptoms, Plaintiff was tested for COVID-19.  Although Plaintiff tested negative, he was advised by health care practitioners to isolate and stay at home.

17.     Plaintiff was told not to return to work until he had been tested and received test results indicating that he had not contracted COVID-19.  Despite Plaintiff's attempts to return to work, he was wrongfully terminated by Defendant.

18.     As a direct and proximate result of Defendant and DOES 1 through 50's retaliation, Plaintiff has suffered and will continue to suffer actual damages in an amount within the jurisdiction of this Court, the exact amount to be proven at the time of trial. Such damages include, but are not limited to loss of salary and other valuable employment benefits, prejudgment interest and interest on the sum of damages at the legal rate, other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress.

19.     Because the termination was committed by Defendant and DOES 1 through 50, and each of them, including officers, directors, supervisors, and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate willful and acted in conscious disregard of the probability of causing injury to Plaintiff, Plaintiff seeks punitive damages against Defendant and DOES 1 through 50 in order to deter them from such conduct and allowing such conduct in the future.

20.     Further, Section 5104 of the FFCRA provides that where an employer terminates an employee for taking sick leave pursuant to the FFCRA, the employer is in violation of 29 U.S.C. § 215(a)(3) and is liable for the penalties provided in 29 U.S.C. §§ 216 and 217, which include reinstatement, lost wages, liquidated damages in an amount equal to the lost wages, attorneys' fees, costs, and injunctive relief. All remedies are demanded herein.

**SECOND CAUSE OF ACTION**

**VIOLATION OF FAIR LABOR STANDARDS ACT/**

**FAMILIES FIRST CORONAVIRUS RELIEF ACT**

**(By All Defendants)**

21.     Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

22.     The Families First Coronavirus Response Act ("FFCRA") signed into law the Emergency Paid Sick Leave Act, 29 U.S.C. § 2601 et seq. on March 18, 2020, effective April 1, 2020.  The FFCRA was in full force and effect at all times relevant herein.

23.     Section 5102 of the FFCRA requires employers to provide to each employee paid sick time to the extent that the employee is unable to work due to a need for leave because of any of the following: (1) the employee is subject to a federal, State, or local quarantine or isolation order related to COVID-19; (2) the employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19; (3) the employee is experiencing symptoms of COVID-19 and seeking a medical diagnosis; (4) the employee is caring for an individual who is subject to an order as described in (1) or has been advised as described in (2), above; (5) the employee is caring for a son or daughter if the school or place of care has been closed due to COVID-19 precautions; or (6) the employee is experiencing any other substantially similar condition specified by the Secretary of Health and Human Services in consultation with the Secretary of the Treasury and the Secretary of Labor.

24.     Section 5104 of the FFCRA makes it unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who takes leave in accordance with the FFCRA.

25.     At all times alleged herein, Plaintiff was employed by PERKINELMER and DOES 1 through 50.

26.     After finding his son ill with potential COVID-19 related symptoms, Plaintiff was tested for COVID-19.  Although Plaintiff tested negative, he was advised by health care practitioners to isolate and stay at home.

27.     Plaintiff was told not to return to work until he had been tested and received test results indicating that he had not contracted COVID-19.  Despite Plaintiff's attempts to return to work, he was wrongfully terminated by Defendant.

28.     As a direct and proximate result of Defendant and DOES 1 through 50's retaliation, Plaintiff has suffered and will continue to suffer actual damages in an amount within the jurisdiction of this Court, the exact amount to be proven at the time of trial. Such damages include, but are not limited to loss of salary and other valuable employment benefits, prejudgment interest and interest on the sum of damages at the legal rate, other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress.

29.     Further, Section 5104 of the FFCRA provides that where an employer terminates an employee for taking sick leave pursuant to the FFCRA, the employer is in violation of 29 U.S.C. § 215(a)(3) and is liable for the penalties provided in 29 U.S.C. §§ 216 and 217, which include reinstatement, lost wages, liquidated damages in an amount equal to the lost wages, attorneys' fees, costs, and injunctive relief.  All remedies are demanded herein.

### THIRD CAUSE OF ACTION

### (FAILURE TO TIMELY PROVIDE EMPLOYMENT RECORDS

### (CAL. LABOR CODE § 1198.5))

### (By All Defendants)

30.     Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

31.     Employers in California are required to maintain a copy of each employee's personnel records and make a current or former employee's personnel records available for inspection, and, if requested by the employee or his or her representative, provide a copy thereof. Cal. Labor Code § 1198.5(c)(1)-(3). "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." Cal. Labor Code § 1198.5(a).

32.     Employers are required to "make the contents of those personnel records available

1   for inspection to the current or former employee, or his or her representative, at reasonable

2   intervals and at reasonable times, but not later than 30 calendar days from the date the employer

3   receives a written request." Cal. Labor Code § 1198.5(b)(1).

4       33.     Plaintiff requested his personnel records on or about January 13, 2021 through his

5   representative. Defendants have failed to provide Plaintiff's personnel file to him.

6       34.     Plaintiff has been prejudiced in his efforts to obtain relief by his inability to access

7   critical employment information.

8       35.     Defendants have violated Labor Code section 1198.5 by failing to provide

9   employee personnel records within thirty (30) days of the initial request for their production.  As

10  a result, Plaintiff is entitled to recover the seven-hundred and fifty dollar ($750) penalty from

11  Defendants and attorney's fees provided by Labor Code section 1198.5(1).

12      36.     WHEREFORE, Plaintiff requests relief as hereinafter provided.

13                          **FOURTH CAUSE OF ACTION**

14              **(FAILURE TO TIMELY PROVIDE EMPLOYMENT RECORDS**

15                          **(CAL. LABOR CODE § 1198.5))**

16                              **(By All Defendants)**

17      37.     Plaintiff realleges and incorporates by reference each and every allegation

18  contained in each and every aforementioned paragraph as though fully set forth herein.

19      38.     Under Labor Code section 226(c) Employers in California are required to provide

20  wage statements within 21 days of a request to inspect the records.  Cal. Labor Code Section

21  226(c).

22      39.     Moreover, "[a] failure by an employer to permit a current or former employee to

23  inspect or receive a copy of records within the time set forth in subdivision (c) entitles the

24  current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar

25  ($750) penalty from the employer" Cal. Labor Code Section 226(f).

26      40.     Plaintiff requested his pay records and wage statements on January 13, 2021

27  through his representative.  Defendants have failed to provide Plaintiff's pay records and wage

28  statements to him.

41.     Plaintiff has been prejudiced in his efforts to obtain relief by his inability to access critical employment information.

42.     Defendants have violated Labor Code section 226 by failing to provide employee pay records and wage statements within twenty-one (21) days of the initial request for their production.  As a result, Plaintiff is entitled to recover the seven-hundred and fifty dollar ($750) penalty from Defendants and attorney's fees provided by Labor Code section 226.

43.     WHEREFORE, Plaintiff requests relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

1.      For general damages in an amount according to proof;

2.      For special damages in an amount according to proof;

3.      For compensatory damages including but not limited to lost wages and other special, general and compensatory damages in an amount according to proof;

4.      For punitive damages;

5.      For attorneys' fees pursuant to California Labor Code;

6.      For statutory and civil penalties;

7.      For interest as allowed by law;

8.      For injunctive relief;

9.      For costs of suit; and

10.     For such other and further relief as the Court may deem just and proper.

DATED:  May 7, 2021              K2 Employment Law Group, LLP


By:     _____
                Douglas H. Hoang
                Matthew T. Kramer
                John L. Lin
                Attorneys for Plaintiff CODY NUTE

COMPLAINT FOR DAMAGES

1

## JURY DEMAND

2       Plaintiff CODY NUTE demands a trial by jury of all issues.

3    DATED:  May 7, 2021                K2 Employment Law Group, LLP

4

5                                 By: _____

6                                      Douglas H. Hoang
                                       Matthew T. Kramer
7                                      John L. Lin
                                       Attorneys for Plaintiff CODY NUTE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

COMPLAINT FOR DAMAGES

Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2021 03:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV17360

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Douglas H. Hoang, Esq. (SBN 193912)<br>K2 Employment Law Group, LLP<br>11751 Zelzah Avenue, Granada Hills, California 91344<br><br>TELEPHONE NO.: (800) 590-7674   FAX NO. *(Optional):* 818-360-9539<br>ATTORNEY FOR *(Name):* Plaintiff CODY NUTE | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
NUTE v. PERKINELMER, INC., a MASSACHUSETTS corporation; and DOES 1 through 50, inclusiv

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV17360 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [x] Other employment (15) | | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more issues that will be time-consuming to resolve           courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: May 7, 2021

Douglas H. Hoang, Esq.
_____
(TYPE OR PRINT NAME)                                          ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |

| SHORT TITLE: NUTE v. PERKINELMER, INC., a MASSACHUSETTS corporation; and D○ | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: NUTE v. PERKINELMER, INC., a MASSACHUSETTS corporation; and D( | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

SHORT TITLE: NUTE v. PERKINELMER, INC., a MASSACHUSETTS corporation; and D(   CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: NUTE v. PERKINELMER, INC., a MASSACHUSETTS corporation; and D( | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 2175 Mission College Blvd<br>Santa Clara, CA 95054 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Santa Clara | CA | 95054 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central (Stanley Mosk Courthouse)___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 7, 2021 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/07/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV17360 |

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michelle Williams  Court | 74 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record | Sherri R. Carter, Executive Officer / Clerk of Court

on  05/10/2021 _____
    (Date)

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/22/2021 08:08 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Sanchez, Deputy Clerk

Electronically Received 06/22/2021 08:08 AM

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER<br>193412 | Reserved for Clerk's File Stamp |
|---|---|---|
| Douglas H. Hoang, Esq.<br>K2 Employment Law Group, LLP<br>11751 Zelzah Avenue<br>Granada Hills, CA 91344 | | |

ATTORNEY FOR (Name): PLAINTIFF CODY NUTE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
LASC - CENTRAL (Stanley Mosk) 111 N. Hill St. Los Angeles, CA 90012

PLAINTIFF:
CODY NUTE an individually

DEFENDANT:
PERKINELMER,Inc. A Massachusetts Corporation and DOES 1 through 50 inclusive

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>21STCV17360 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME

SPHERION STAFFING, LLC a Delaware Limited Liability Company

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 06/22/2021 | Doug H Hoang | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

**ORDER**

THE COURT ORDERS the amendment approved and filed.

| Dated | Judicial Officer |
|---|---|

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 193412 | FOR COURT USE ONLY |
|---|---|---|

NAME: Douglas H Hoang, Esq.
FIRM NAME: K2 Employment Law Group, LLP
STREET ADDRESS: 11751 Zelzah Avenue
CITY: Granada Hills    STATE: CA    ZIP CODE: 91344
TELEPHONE NO.: (800) 590-7674    FAX NO.:
E-MAIL ADDRESS: dhoang@k2employmentlaw.com
ATTORNEY FOR (Name): Plaintiff Cody Nute

**FILED**
Superior Court of California
County of Los Angeles

**06/09/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ R. Cruz _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: Cody Nute, individually

Defendant/Respondent: PERKINELMER, Inc. a Massachusetts Corporation et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER: 20STCV17360 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice    (2) ☒ Without prejudice
   b. (1) ☒ Complaint    (2) ☐ Petition
   (3) ☐ Cross-complaint filed by (name):    on (date):
   (4) ☐ Cross-complaint filed by (name):    on (date):
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other (specify):* As to Defendant PERKINELMER, INC, A Massachusetts Corporation- ONLY

2. (Complete in all cases except family law cases.)
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: June 09, 2021

Douglas H Hoang Esq.
_____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____
(SIGNATURE)

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____
(SIGNATURE)

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

*(To be completed by clerk)*
4. ☑ Dismissal entered as requested on (date): 06/11/2021
5. ☐ Dismissal entered on (date):    as to only (name):
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):


7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed    ☐ means to return conformed copy Sherri R. Carter, Executive Officer / Clerk of Court

Date: 06/11/2021    Clerk, by _____ R. Cruz _____, Deputy    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Electronically Received 06/09/2021 12:02 PM

CIV-110

| | |
|---|---|
| Plaintiff/Petitioner: Cody Nute, individually<br>Defendant/Respondent: PERKINELMER, Inc. a Massachusetts Corporation et al. | CASE NUMBER:<br>20STCV17360 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

   a. ☐  not recovering anything of value by this action.

   b. ☐  recovering less than $10,000 in value by this action.

   c. ☐  recovering $10,000 or more in value by this action.  *(If item 2c is checked, item 3 must be completed.)*

3. ☐  All court fees and court costs that were waived in this action have been paid to the court  *(check one):*   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                              (SIGNATURE)

---

**REQUEST FOR DISMISSAL**

**PROOF OF SERVICE**

1

2          I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 11751 Zelzah Avenue, Granada Hills, CA 91344.

3

4          On **June 09, 2021**, I served the foregoing document(s) described as **REQUEST FOR DISMISSAL** on all interested parties in this action by:

5

6   Kelli M. Dreger Esq.
    Jackson Lewis P.C.
    200 Spectrum Center Dr. Suite 500

7   Irvine, CA  92618
    Kelli.Dreger@jacksonlewis.com

8   **Attorneys for Defendant PERKINELMER, INC.**

9   **[ ]     (BY U.S.MAIL):**  By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully paid for collection and mailing, under that practice it would be deposited

10  with the U.S. Postal Service on that same day, with postage thereon fully prepaid at San Diego, California, in the ordinary course of business.  I am familiar with the Law Firm's practice of

11  collection and processing correspondence for mailing.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than

12  one day after date of deposit for mailing an affidavit.

13

14  **[ X ]     (BY ELECTRONIC TRANSMISSION)** electronically delivering the document(s) listed below via eService through One-Legal Service (www.onelegal.com) system which sends an email

15  notification of the filing to the parties and counsel of record listed above. This service complies with C.C.P. § 1010.6 and California Rule of Court 2.251 (b)(1)(B).

16

17  **[ ]     (BY OVERNIGHT DELIVERY):**  By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to K2 Employment Law and to be delivered by overnight delivery to the addresses as shown .

18

19  Executed on **June, 09, 2021** at San Diego, California.

20

21  **[X]     STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

24                                                      _____

25                                                      Dania Nunziante

26

27

28

# EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 09/29/2021 11:13 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

**SEYFARTH SHAW LLP**
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
Sumithra R. Roberts (SBN 256078)
sroberts@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
SPHERION STAFFING, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CODY NUTE, individually, | Case No. 21STCV17360 |
| Plaintiff, | [ASSIGNED TO HON. MICHELLE WILLIAMS COURT, DEPT. 74] |
| v. | |
| PERKINELMER, INC., a MASSACHUSETTS corporation; and DOES 1 through 25, inclusive, | **DEFENDANT SPHERION STAFFING, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| Defendant. | Complaint Filed:    May 7, 2021 |

75480024v.2

Defendant Spherion Staffing, LLC ("Defendant") for itself and no other entity, hereby answers the unverified Complaint of Plaintiff Cody Nute ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## SEPARATE AND ADDITIONAL DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law.

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Statute of Limitations)

2.      The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitation including but not limited to California Code of Civil Procedure sections 335.1 and 340 and 29 U.S.C. §2617(c).

## THIRD DEFENSE

### (Estoppel)

3.      Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred because Plaintiff is estopped by his conduct and actions to claim any right to damages or any relief against Defendant.

/ / /

75480024v.2

## FOURTH DEFENSE

### (Unclean Hands)

4.    Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred by the equitable doctrine of unclean hands because of Plaintiff's conduct and actions.

## FIFTH DEFENSE

### (Failure To Exhaust Administrative Remedies)

5.    Plaintiff's Complaint and each cause of action alleged therein are barred to the extent Plaintiff failed to exhaust his administrative remedies and to the extent Plaintiff's causes of action exceed the scope of charges he filed, if any, with appropriate governmental agencies.

## SIXTH DEFENSE

### (Arbitration Agreement)

6.    The Court lacks jurisdiction over Plaintiff's Complaint and each and every cause of action alleged therein because of the existence of an agreement, executed by Plaintiff, to submit all disputes relating to Plaintiff's employment with Defendant to binding private arbitration. Defendant reserves the right to seek an Order compelling arbitration of the Complaint.

## SEVENTH DEFENSE

### (After-Acquired Evidence)

7.    To the extent discovery may disclose information which could serve as a basis for the alleged termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

## EIGHTH DEFENSE

### (Failure to Mitigate Damages)

8.    Plaintiff's Complaint and each cause of action alleged therein are barred, or should be reduced, to the extent Plaintiff failed to mitigate his damages as required by law.

## NINTH DEFENSE

### (Workers' Compensation Act Preemption)

9.    To the extent Plaintiff's Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, the Court lacks jurisdiction, and any recovery is barred by the

75480024v.2

exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

## TENTH DEFENSE

### (Failure to Take Advantage of Preventive/Corrective Opportunities)

10. Defendant exercised reasonable care to prevent and/or correct any discriminatory or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise, and thus, Plaintiff's Complaint and each cause of action alleged therein are barred, or alternatively, his relief is limited.

## ELEVENTH DEFENSE

### (Legitimate Business Justification/Mixed Motive)

10. Any recovery on Plaintiff's Complaint and each cause of action alleged therein are barred because assuming arguendo that purported protected conduct had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-retaliatory, non-discriminatory business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

## TWELFTH DEFENSE

### (Not A Substantial Motivating Factor)

11. Plaintiff's Complaint and each cause of action alleged therein are barred because his purported protected leave of absence or other purported protected conduct was not a substantial motivating factor for any of Defendant's conduct or decisions concerning Plaintiff's employment, and Defendant would have taken the legitimate action it did irrespective of Plaintiff's purported protected conduct.

## THIRTEENTH DEFENSE

### (At-Will Employment)

12. Defendant alleges that Plaintiff's employment was not for a specified term and thus under California Labor Code section 2922 his employment was terminable at the will of Plaintiff or Defendant

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1  such that the exercise of that right cannot give rise to the claims asserted regarding Plaintiff's alleged

2  termination.

3  **FOURTEENTH DEFENSE**

4  (**Offset — All Causes of Action**)

5  13.      Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred

6  in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any

7  source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by

8  *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

9  **FIFTEENTH DEFENSE**

10  (**Punitive Damages Unconstitutional**)

11  14.      Although Defendant denies it has committed or has responsibility for any act that could

12  support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found,

13  recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the

14  United States Constitution and the California Constitution.

15  **SIXTEENTH DEFENSE**

16  (**Failure to State a Claim for Relief for Punitive Damages**)

17  15.      Plaintiff is not entitled to recover any punitive, double or exemplary damages against

18  Defendant and any allegations with respect thereto should be stricken because Plaintiff has failed to

19  plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice

20  pursuant to California Civil Code § 3294(a).

21  **SEVENTEENTH DEFENSE**

22  (**Excessive Fines/Due Process**)

23  16.      To the extent that Plaintiff seeks punitive damages, exemplary damages, liquidated

24  damages, or emotional distress damages in the Complaint, he violates the rights of Defendant to

25  protection from "excessive fines" as provided in the Eighth Amendment to the United States

26  Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of

27  Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the

28  United States Constitution and under the Constitution of the State of California.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

75480024v.2

### EIGHTEENTH DEFENSE

### (Impossibility of Performance)

17.    Pursuant to Labor Code Sections 226(c) and 1198.5(m), Defendant alleges impossibility of performance with regard to Plaintiff's fourth cause of action for Violation of Labor Code Section 226 and third cause of action for violation of Labor Code Section 1198.5.

### NINETEENTH DEFENSE

### (Good Faith)

18.    The actions alleged in the Complaint, to the extent they occurred, were taken in good faith and were a lawful exercise of sound discretion and Defendant's legal rights, and were based on a rational, reasonable consideration of the facts.

### PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

A.    That Plaintiff take nothing by way of his Complaint;

B.    That judgment be entered in favor of Defendant and against Plaintiff in this action;

C.    That Defendant be awarded reasonable attorneys' fees and costs of suit incurred herein as provided by law; and

D.    Defendant be awarded such other relief as this Court may deem just and proper.

DATED:  September 29, 2021                 SEYFARTH SHAW LLP

By: _____
　　　Sumithra R. Roberts
　　　Attorneys for Defendant
　　　SPHERION STAFFING, LLC

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

75480024v.2

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                                    )   SS

COUNTY OF LOS ANGELES    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On 29 September 2021, I served the within document(s):

**DEFENDANT SPHERION STAFFING, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

K2 Employment Law, LLP             T: (800) 590-7674
Douglas H. Hoang, Esq.               dhoang@k2employmentlaw.com
Matthew T. Kramer, Esq.             mkramer@k2employmentlaw.com
John Li-Chien, Esq.                   ilin@k2employmentlaw.com
11751 Zelzah Avenue
Granada Hills, California 91344

*Attorneys for Plaintiff, CODY NUTE*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or ppostage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 29 September 2021, at Los Angeles, California.

_____
Denise R. Wasko-Peña

75480024v.2

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Stanley Mosk Courthouse<br>**Mailing Address:** 111 North Hill Street<br>**City, State and Zip Code:** Los Angeles CA 90012 | |

| | |
|---|---|
| **SHORT TITLE:** CODY NUTE vs PERKINELMER, INC., A MASSACHUSETTS CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE, | **CASE NUMBER:**<br>21STCV17360 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

### Electronic Filing Summary Data

Electronically Submitted By:  Tristar Software
Reference Number: JTI179532
Submission Number: 21LA04148847
Court Received Date: 09/29/2021
Court Received Time: 11:13 am
Case Number: 21STCV17360
Case Title: CODY NUTE vs PERKINELMER, INC., A MASSACHUSETTS CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE,
Location: Stanley Mosk Courthouse
Case Type: Civil Unlimited
Case Category: Other Employment Complaint Case
Jurisdictional Amount: Over $25,000
Notice Generated Date: 09/30/2021
Notice Generated Time: 10:21 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer | Accepted |

### Comments
Submitter's Comments:

Clerk's Comments:

### Electronic Filing Service Provider Information
Service Provider: Tristar Software
Contact: Tristar Software
Phone: (805) 227-1213

**NOTICE OF CONFIRMATION OF FILING**

Superior Court of California
County of Los Angeles
,

**Receipt**     EFM-2021-3844266.1

**Date:**     9/30/21 10:21 AM
**Time:**     9/30/21 10:21 AM

CASE # 21STCV17360
CODY NUTE vs PERKINELMER, INC., A

| | |
|---|---|
| Unlimited Civil- Ans.non-Plaintiff incl. UD- GC70612,70602.5,70602.6 | 435.00 |
| Court Transaction Fee | 2.25 |
| **Case Total:** | 437.25 |

| | |
|---|---|
| **Total Paid:** | 437.25 |

21LA04148847

**Wasko, Denise**

| | |
|---|---|
| **From:** | Wasko, Denise |
| **Sent:** | Wednesday, September 29, 2021 11:15 AM |
| **To:** | 'dhoang@k2employmentlaw.com'; 'mkramer@k2employmentlaw.com'; 'ilin@k2employmentlaw.com' |
| **Cc:** | Roberts, Sumithra; Pollaci, Jamie C |
| **Subject:** | Nute v Perkinelmer - Def Spherion Ans to Unv Complaint |
| **Attachments:** | 2021-09-29 Nute v Perkinelmer - Def Spherion Ans to Unv Complaint(75552772v1).PDF |

Dear Counsel,

At the request of Sumithra Roberts, attached please find Defendant Spherion's Answer to Plaintiff's Unverified Complaint, submitted for filing today.  Please let me know if you have any difficulty accessing this document.  A paper copy will follow via US Mail.

Regards,

-D.

# NATIONWIDE LEGAL

## COURT INSTRUCTIONS
**PHONE (213) 249-9999**
**FAX (213) 249-9990**

### LA199795

**025 - E-FILING**



| FIRM NAME: & ADDRESS: | CUST #: LA239 | COURT : |
|---|---|---|
| SEYFARTH SHAW LLP / CC | DUE DATE #: 9/29/2021 | LOS ANGELES COUNTY SUPERIOR COURT |
| 2029 Century Park East Suite 3500 | | 111 N. HILL STREET, LOS ANGELES, CA 90012-3117 |
| Los Angeles CA, 90067 | | CASE# 21STCV17360 |
| | | CASE TITLE: CODY NUTE, VS. PERKINELMER, INC., a |
| PHONE #:(310) 277-7200 | | MASSACHUS |
| FAX #: (310) 282-6945 | | |
| | | DOCUMENTS: DEFENDANT SPHERION |
| CONTACT: Denise Wasko-Peña EMAIL: dwasko@seyfarth.com | | STAFFING,LLC'S ANSWER TO |
| BILLING / FILE #: 099999-000591 | | PLAINTIFF'SUNVERIFIED COMPLAINT |
| DATE GENERATED #: 9/29/2021 | | |

**STATUTE DATE: 9/29/2021**    **HEARING DATE:**    **DEPT. 74**    **NLS DATE REC'D: 9/29/2021**

| | SPECIAL INSTRUCTIONS |
|---|---|
| ☒ FILE / CONFORM | |
| ☐ FILE AND SERVE | **E-file today and advance fees and pdf client e-file receipt.** |
| ☐ COURTESY COPY DELIVERY | |
| ☐ RECORD | |
| ☐ COURT RESEARCH | |
| ☐ CERTIFIED | |
| | |
| ☒ Advanced Fees $ .00 | |
| ☒ Adv Fees approved by  435 | |

**REPORTS / COMMENTS:**

☐ **FILING SUBMITTED TO COURT ON** _____

☐ **REJECTED** _____

☐ **FILING CONFIRMED/REJECTED - SPOKE TO:** _____ **DATE:** _____

LA199795/WORKC



(StatusOnLine.aspx?sessionid=c02e2946-9bd7-46b0-983c-b804465d3d32)

# Subsequent Filing Into Case 21STCV17360 - Order Number 285565-JTI179532

## Envelope Number 21LA04148847

**Location:**

Stanley Mosk Courthouse

| Fee Name | Amount |
|---|---|
| Not Available | 0.00 |

**Case Category:**

Other Employment Complaint Case

**Case Type:**

Civil Unlimited

**Parties In Case:**

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Plaintiff | CODY NUTE | Not Applicable |
| Defendant | PERKINELMER, INC., a MASSACHUSETTS corporation; and DOES 1 through 50, inclusive, | Not Applicable |
| Defendant | Spherion Staffing, LLC | Not Applicable |

**Filings In Order:**

| Filing Code | File Name | Description | Download Document |
|---|---|---|---|
| RES010 | LA199795.2021-09-29 Nute v Perkinelmer - Def Spherion Ans to Unv Complaint(75552772v1).PDF | Answer | Display RES010 (https://s3-us-west-1.amazonaws.com/docs.for.jti/Prod/JTI179532.00001.pdf) |

**Reviewed:**

| Filing Code | Status | Description | Download Document |
|---|---|---|---|

**eServe:**

| Servee Name | Firm Name | Servee Email | Received |
|---|---|---|---|

**Reference:**

LA199795

Back To Completed eFilings  <